IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARDO WALCOTTE | § | |
| #1546786 | § | |
| v. | § | C.A. NO. C-08-323 |
| | § | |
| OFFICER JUSTIN WICKS | § | |

### ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant Officer Justin Wicks subjected him to excessive force during the course of an arrest. (D.E. 1). Defendant moves for summary judgment on the ground of qualified immunity. (D.E. 35). Plaintiff has not filed a response.[1] For the reasons stated herein, defendant's motion for summary judgment is hereby GRANTED.

### I. JURISDICTION

The Court has jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. After consent of the parties, (D.E. 9, 20), this case was reassigned to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 21); see also 28 U.S.C. § 636(c).

### II. BACKGROUND FACTS AND PROCEEDINGS

Plaintiff Edwardo Walcotte claims that Justin Wicks, an officer employed by the City of Corpus Christi Police Department, used excessive force during the attempted arrest of plaintiff, in violation of the Fourth Amendment. (D.E. 1, 13). He seeks $10,000 to $15,000 in damages to cover his medical bills and suffering. (D.E. 1, at 4). Defendant moves for summary judgment on the ground of qualified immunity. (D.E. 35).

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

The following facts are not in dispute:

On August 16, 2008, defendant was on patrol when he observed that the driver of a vehicle stopped at the intersection of Carver Drive and Soledad Street was not wearing a seatbelt, a violation of the traffic code. (D.E. 35, Ex. 1, at 1). Defendant waved the driver through the stop sign, and followed him, turning on his patrol car's emergency lights. Id. The suspect refused to stop, passing several places where it would have been safe to stop. Id. Defendant followed the suspect into a driveway on Kitchens Street. Id. In the defendant's experience, the area of Carver, Soledad, and Kitchens is a high crime area, with substantial drug and gang activity. Id.

When the suspect stopped, plaintiff, who was a passenger in the vehicle, exited the vehicle and began throwing away a leafy green substance. Id. at 2. Defendant believed this substance to be marijuana. Id. The driver also exited the vehicle. Id. Defendant exited his own vehicle with his weapon drawn and ordered the driver to the ground, placing him under arrest for evading arrest in a vehicle. Id. Police backup arrived, and defendant was able to handcuff plaintiff. Id. Both plaintiff and the driver were arrested for felonies, and a weapon was found in the vehicle. Id. at 2-3. There was also an outstanding arrest warrant for plaintiff. Id. at 3.

Plaintiff was handcuffed only for the time necessary to investigate the scene and to be taken to the detention center and processed. Id. at 4. Defendant did not observe plaintiff to have any injuries. Id.

### III.  DISCUSSION

**A.   Summary Judgment Standard Of Review.**

Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider

the record as a whole, considering all pleadings, depositions, affidavits, and admissions on file in the light most favorable to the non-movant.  Caboni v. General Motors Corp., 278 F.2d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

**B.     Plaintiff Cannot Assert A Claim Against Defendant In His Official Capacity.**

Plaintiff has sued defendant in his official and individual capacity for money damages.  A suit against a municipal employee in his official capacity is the same as a suit against the entity

the employee represents.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985).  The Eleventh Amendment bars a suit for money damages against a state or state agency.  See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996).  A judgment may not be entered against a state officer in his official capacity for violating federal law in the past.  Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

To the extent plaintiff is suing defendant in his official capacity for money damages, that claim is barred by the Eleventh Amendment, and is dismissed.

## C. Defendant Is Entitled To Qualified Immunity.

Plaintiff alleges that defendant used excessive force during the course of an arrest when defendant handcuffed him too tightly, despite being told that plaintiff had undergone several surgeries on his left wrist, thereby causing him to suffer cuts and pain in his wrist.  (D.E. 1, 13).

The qualified immunity determination involves a two-step analysis: first, "'whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right.'"  Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003) (quoting Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001)).  If a constitutional violation is alleged, the trial court must next determine "whether the right was clearly established – that is 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'"  Id. at 624 (quoting Price, 256 F.3d at 369).  Once defendants have invoked the defense of qualified immunity, the burden shifts to plaintiff to show that the defense is inapplicable.  McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam).

Historically, the threshold question in a qualified immunity analysis is whether a constitutional right would have been violated on the facts alleged.  Saucier v. Katz, 533 U.S.

194, 200 (2001). The Supreme Court recently revisited the issue of qualified immunity in Pearson v. Callahan, __ U.S. __, 129 S. Ct. 808 (2009), addressing whether the two-step analysis set forth in Saucier must be strictly adhered to, or could the steps be taken out of sequence. Id. at 816-18. Ultimately, the Court concluded that the two-step procedure need not be followed sequentially, while noting that it remained beneficial to follow it in many cases. Id. at 818.

  **1. Step One: Constitutional Violation.**

  Plaintiff alleges that defendant used excessive force during his arrest. The Fifth Circuit has explained that "the use of excessive force to apprehend a subject implicates the Fourth Amendment's guarantee against unreasonable seizures." Colston v. Barnhart, 130 F.3d 96, 99 (5th Cir. 1997) (citations omitted); see also Ramirez v. Knoulton, 542 F.3d 124, 128 (5th Cir. 2008) (citations omitted). "To prevail on an excessive force claim, a plaintiff must establish: '(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" Freeman v. Gore, 483 F.3d 404, 416 (5th Cir. 2007) (citations omitted); accord Ballard v. Burton, 444 F.3d 391, 398 (5th Cir. 2006) (citing Graham v. Connor, 490 U.S. 386, 395-97 (1989)).

  To determine whether a seizure was objectively reasonable, the trial court examines "whether the totality of the circumstances justified a particular sort of search or seizure." Tennessee v. Garner, 471 U.S. 1, 8-9 (1985). "[T]he permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." Delaware v. Prouse, 440 U.S. 648, 654 (1979) (citations omitted). To "gaug[e] the objective reasonableness of the force used by a law enforcement officer, we must balance the amount of force used against the need for that force." Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996) (citation omitted). This

balancing test "requires careful attention to the facts and circumstances of each particular case." Graham, 490 U.S. at 396.

Here, plaintiff has alleged that defendant subjected him to excessive force when he handcuffed plaintiff too tightly, despite knowing about his wrist surgeries, causing him to suffer pain and cuts on his wrists. (D.E. 1, 13). It is well-settled in the Fifth Circuit that "handcuffing too tightly, without more, does not amount to excessive force." Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001); accord Freeman, 483 F.3d at 417 (citations omitted). To establish a claim for excessive force, plaintiff must demonstrate an injury that, while not necessarily significant, is more than de minimis. Tarver v. City of Edna, 410 F.3d 745, 752 (5th Cir. 2005) (citation omitted). In Tarver, the Fifth Circuit found the plaintiff's allegations that, as a result of being handcuffed, he suffered "acute contusions of the wrist and psychological injury" to state merely de minimis harm. Id. (internal quotation marks omitted). A swollen wrist has also been found to be de minimis, as has bruising of the wrists and arms. See Glenn, 242 F.3d at 314; Freeman, 483 F.3d at 417.

The Fifth Circuit has concluded that a plaintiff established an excessive force claim, however, where the injuries caused by the handcuffing were permanent. In Dominguez v. Moore, 149 Fed. Appx. 281 (5th Cir. 2005) (per curiam) (unpublished), the plaintiff asserted that he had suffered "deep cuts appearing around both wrists where the handcuffs were embedded into his flesh." Id. at 283 (internal quotation marks omitted). These cuts resulted in permanent scarring and nerve injury. Id. Moreover, the circumstances in which he was handcuffed were particularly egregious: He was shackled to his hospital bed for seven consecutive days, during part of which time he had been in a coma. Id. at 284. In Deville v. Mercantel, __ F.3d __, 2009 WL 1162586 (5th Cir. May 1, 2009) (per curiam), the plaintiff was pulled over for speeding, and

was subjected to handcuffing that resulted in long-term nerve damage severe enough to require four surgeries. Id. at *8. The Fifth Circuit found that those injuries were not de minimis. Id.

Plaintiff has alleged no long-term damage resulting from being handcuffed too tightly. He asserts that he was in pain while handcuffed and that he was "bleeding a little bit." (D.E. 13, at 13). He states that his injuries were treated with painkillers and wrapping at the jail. Id. He states that he is in daily pain, but there is nothing in the record to indicate that the pain is a result of the handcuffs, rather than the result of plaintiff's previous injuries and surgeries. See (D.E. 1, at 7); (D.E. 13). Thus, the most that plaintiff claims is that the handcuffs were applied too tightly, causing him some pain and minor cuts on his wrists. These minor injuries do not rise to a claim of excessive force, and defendant is entitled to summary judgment in his favor.

### 2. Step Two: Objective Reasonableness.

For a right to be clearly established under the second step of the qualified immunity analysis, "[t]he contours of that right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). "The central concept [of this analysis] is that of 'fair warning': The law can be clearly established 'despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights.'" Kinney v. Weaver, 367 F.3d 337, 350 (5th Cir. 2004) (en banc) (quoting Hope v. Pelzer, 536 U.S. 730, 740 (2002)). Even officers who interpret the law mistakenly but reasonably are entitled to immunity. See Anderson, 483 U.S. at 641. However, when the plaintiff fails to state a constitutional violation, as in this case, the trial court need not examine whether the defendant's actions were reasonable. See Saucier, 533 U.S. at 201 (if the facts alleged do not establish that the officer's conduct violated a constitutional right, then

the qualified immunity analysis need proceed no further and qualified immunity is appropriate). In this case, plaintiff has failed to establish the violation of a constitutional right. Accordingly, defendant is entitled to qualified immunity on plaintiff's claims of excessive force.

In the alternative, under the second step of the Supreme Court's qualified immunity analysis, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202 (citing Wilson v. Layne, 526 U.S. 603, 615 (1999)). Plaintiff does not challenge defendant's characterization of events. He does not deny that he and the other suspect were attempting to evade arrest, or that they were in possession of drugs and a weapon; nor does he dispute that he was only handcuffed for the time that it took to investigate the scene and process him at the detention center. Plaintiff was handcuffed during the course of a felony arrest, in a dangerous neighborhood, after having already attempted to flee. Cf. Dominguez, 149 Fed. Appx. at 284 (plaintiff cuffed to hospital bed for a week); Deville, 2009 WL 11162586 at *8 (plaintiff handcuffed and terrorized during stop for minor traffic offense). Thus, defendant's actions in handcuffing plaintiff were reasonable.

The fact that plaintiff claims to have told defendant that his hand was injured and that the handcuffs were hurting him does not diminish the reasonableness of defendant's actions. The Fifth Circuit has not addressed this issue. However, the Eleventh Circuit has held that an officer is not required to credit everything the suspect tells him. Rodriguez v. Farrell, 294 F.3d 1276, 1278 (11th Cir. 2002) ("statements by suspects claiming (at the time of their arrest) to have pre-existing injuries are 'no doubt, uttered by many suspects who, if given the choice, would prefer not to be handcuffed at all, and, if they must be restrained in that manner, would prefer that the handcuffs be in front'") (citation omitted); but see Vondrak v. City of Las Cruces, 535 F.3d

1198, 1208 (10th Cir. 2008) (finding that Tenth Circuit law clearly establishes that handcuffing too tightly can constitute excessive force where actual injury results and officer ignored plaintiff's timely complaints); Dixon v. Donald, 291 Fed. Appx. 759, 763 (6th Cir. 2008) (unpublished) (excessive force where plaintiff had "significant and obvious injuries to his torso").

As of August 16, 2008, the law was not clearly established that an officer was required to credit the complaints of a felony arrestee who did not have an obvious injury, such that a failure to loosen the handcuffs would constitute excessive force. Defendant's actions were reasonable, and he is entitled to summary judgment in his favor.

## IV.  CONCLUSION

For the reasons stated above, defendant's motion for summary judgment seeking qualified immunity, (D.E. 35), is GRANTED.  Plaintiff's claim for excessive force is denied.

ORDERED this 15th day of May 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

9